JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARANAY "SONNY" BALLUNGAY,<br><br>                Plaintiff,<br><br>       v.<br><br>RICOH USA, INC., and DOES 1 through 50,<br><br>                Defendants. | Case No.: 2:24-cv-10839-SRM-ASx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND, DKT. [10]** |

## I.    INTRODUCTION

Before the Court is Plaintiff Saranay "Sonny" Ballungay's Motion for Remand. (Dkt. 10, Mot.) Defendant Ricoh USA, Inc. opposes. (Dkt. 12, Opp'n.) The Court finds this matter appropriate for resolution without a hearing. Fed. R. Civ. P. 78(b); C.D. Cal. R. 78-1. The hearing set for July 17, 2025, is **VACATED**. Having considered the parties' arguments, relevant legal authority, and record in this case, the Motion for Remand is **GRANTED**.

## II.    BACKGROUND

This is a single-plaintiff employment case arising out of allegations that Ricoh wrongfully terminated Ballungay's employment. Ballungay, a California resident,

worked as a Service Technician for Ricoh for nearly 25 years until his termination in November 2024. In August 2023, Ballungay suffered an injury to his left hip and took leave under the California Family Rights Act (CFRA). Ballungay alleges he notified Ricoh that he needed accommodations to return to work as a Service Technician. Ricoh allegedly refused to engage in the interactive process and to accommodate his disability. Ricoh sent Ballungay a letter stating that if he did not respond within seven days, then Ricoh would terminate his employment. Due to certain logistical issues, Ballungay did not do so, and Ricoh terminated his employment. Ballungay alleges that because of Ricoh's alleged misconduct, he has suffered damages.

Ballungay filed a lawsuit in Los Angeles County Superior Court, asserting the following employment related claims against Ricoh: (1) a violation of the CFRA, (2) disability discrimination in violation of the California Fair Employment and Housing Act (FEHA), (3) retaliation in violation of FEHA, (4) failure to prevent discrimination and retaliation in violation of FEHA, (5) failure to provide reasonable accommodations in violation of FEHA, (6) failure to engage in the interactive process in violation of FEHA, and (7) wrongful termination in violation of public policy.

Ricoh timely removed the case to this Court, alleging that diversity jurisdiction exists over this case. (Dkt. 1, Notice of Removal ¶ 5–21.) Relevant here, Ricoh alleges complete diversity exists. (*Id.* ¶¶ 6–12.) According to Ricoh, Ballungay is a California citizen. (*Id.* ¶ 7.) Ricoh further alleges it is a citizen of Delaware and Pennsylvania because it is a Delaware corporation and is headquartered in Pennsylvania. (*Id.* ¶ 10.) More specifically, Ricoh claims that its "senior corporate officers are located at the Pennsylvania headquarters where they exercise day-to-day control of the business and perform their executive and administrative functions." (*Id.*)

Ballungay now moves to remand the case to Los Angeles County Superior Court, arguing, among other things, that Ricoh has failed to carry its burden of proving by a preponderance of the evidence that its principal place of business is in Pennsylvania.
//

### III. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Any civil action brought in state court may be removed to federal court only if the federal court would have had subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). There are two types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity—that is, each plaintiff must have different citizenship than each defendant. *See* 28 U.S.C. § 1332(a). A corporation is deemed a citizen of every State where it is incorporated and "where it has its principal place of business[.]" *Id.* § 1332(c)(1). A corporation's principal place of business is its nerve center, which is the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010).

A motion to remand challenges the propriety of the removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). Considering the "strong presumption" against removal, the defendant carries the burden of proving that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### I. DISCUSSION

The parties do not dispute that Ballungay is a California citizen or that Ricoh is a citizen of Delaware where it is incorporated. The dispositive issue is whether Ricoh has shown that its principal place of business is in Pennsylvania. In arguing its principal place of business is in Pennsylvania, Ricoh offers a declaration from Terri Jiminez, Ricoh's Director and Human Resources Business Partner. (Dkt. 12-1, Decl. of Terri Jiminez ("Jiminez Decl.").) Jiminez attests that

> Ricoh's corporate headquarters campus is located in Exton, Pennsylvania, and has been for all relevant times in this lawsuit. Ricoh's Pennsylvania headquarters serves as its actual center of direction, control, and coordination. Ricoh holds its Pennsylvania office out to the public as its headquarters. Ricoh's high level corporate officers are based in Pennsylvania (including its Chairman and Chief Executive Officer, Senior Vice President of Human Resources, and General Counsel) and Ricoh conducts the business of managing the corporation from Pennsylvania. The majority of Ricoh's executive and administrative functions, including Operations, Sales, Human Resources, and Legal, are directed from Ricoh's headquarters in Pennsylvania.

(*Id.* ¶ 3.) Ballungay contends that Jiminez's declaration fails to establish that Ricoh's nerve center is in Pennsylvania because she does not offer any insight into Ricoh's corporate structure, the identities of its officers and other leaders, and what each of them do and from where. These facts, Ballungay argues, are necessary for the Court to determine from where the corporation is being directed, controlled, and coordinated. The Court agrees.

To begin, many of Jiminez's statements are conclusory. For example, she attests that "Ricoh's Pennsylvania headquarters serves as its actual center of direction, control, and coordination," that "Ricoh conducts the business of managing the corporation from Pennsylvania," and that "[t]he majority of Ricoh's executive and administrative functions . . . are directed from Ricoh's headquarters in Pennsylvania." (Jiminez Decl. ¶ 3.) These conclusory statements, even when considered collectively, are insufficient to establish that Pennsylvania is Ricoh's principal place of business. *See also Zelidon v. Ground Servs. Int'l Inc.*, No. 2:22-cv-01626-SVW-AS, 2022 WL 3013228, at *1–2 (C.D. Cal. May 4, 2022) (finding declarant's conclusory statements about the location of corporate headquarters and corporation's activities insufficient to establish a corporation's principal place of business).

The remainder of Jiminez's declaration falls short of providing sufficient information to establish that Pennsylvania is Ricoh's principal place of business. Jiminez

did not lay the proper foundation to show how she knows that Ricoh's high level corporate officers are based in Pennsylvania. At best, she states she is "familiar with" and "ha[s] access to information and data regarding Ricoh's business operations and information regarding the overall direction, control, and coordination of those operations." (Jiminez Decl. ¶ 1.) But Jiminez fails to attest that she *actually reviewed* that information and data to confirm that Ricoh's high level corporate officers are based in Pennsylvania.

      Additionally, Jiminez fails to state the number of high-level corporate officers and their respective positions and job responsibilities. Perhaps, there are 15 high-level executive officers, three of whom are based in Pennsylvania and the remaining 12 live and work in California. And if the 12 officers who work in California are responsible for directing, controlling, and coordinating most of Ricoh's activities, the nerve center would be in California. But without an understanding of Ricoh's corporate structure or the division of responsibilities, the Court cannot determine where Ricoh is directing, controlling, or coordinating its corporate activities. *See also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) (finding corporation's place of business was in Ohio where declarant offered information about the number of corporate officers, where they were located, and their respective job responsibilities); *Sporn v. TransUnion Interactive, Inc.*, No. 18-cv-05424-YGR, 2019 WL 151575, at *2–4 (N.D. Cal. Jan. 10, 2019) (similar); *Collins v. Virtela Tech. Servs., Inc.*, No. C 12–613 CW, 2012 WL 4466551, at *6–8 (N.D. Cal. Sept. 26, 2012) (similar); *Joseph v. Vitas Healthcare Corp. of Cal.*, No. 2:19-cv-04987-AB (GJSx), 2019 WL 4053910, at *2 (C.D. Cal. Aug. 27, 2019) (finding defendant failed to carry its burden of showing its principal place of business was in Florida where declaration did not provide, in part, "an exact number of officers, their identities, their locations, nor their positions" with the corporation, "facts needed to substantiate" Florida is its nerve center); *Pool v. F. Hoffman-La Roche, Ltd.*, 386 F. Supp. 3d 1202, 1220–21 (N.D. Cal. 2019) (finding defendant failed to carry its burden of showing its principal place of business was in Florida where declaration did not

provide, in part, "an exact number of officers, their identities, their locations, nor their positions" with the corporation, "facts needed to substantiate" Florida is its nerve center).

This leads the Court to its final point: the phrase "based in" is vague. In a day in which telecommuting is common, it is not unusual for employees to live and work in one state while their formal office is in another. Thus, it is unclear what Jiminez means when she states "Ricoh's high level corporate officers are *based in* Pennsylvania (including its Chairman and Chief Executive Officer, Senior Vice President of Human Resources, and General Counsel)[.]" (Jiminez Decl. ¶ 3 (emphasis added).) "Based in" can mean that the officer both lives and works in Pennsylvania, or it can mean that the officer maintains their formal corporate office in one state but lives and works in another. Again, without further clarification, the Court cannot determine that Ricoh's corporate officers are directing, controlling, and coordinating Ricoh's activities from Pennsylvania.

To be clear, the Court does not conclude that Ricoh's principal place of business is not in Pennsylvania; rather, it concludes that Ricoh has not carried its burden of showing that Ricoh's principal place of business is in Pennsylvania.

## IV.   CONCLUSION

For the above reasons, the Motion for Remand is **GRANTED.** This case is **REMANDED** to Los Angeles Superior Court. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Dated: May 9, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE